# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:12-cv-32-RJC

| | |
|---|---|
| T.I., a/k/a LAWRENCE LEE ASH, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) **ORDER** |
| VERIZON MOBILE PHONES, BRELA ANOSAR, T.I. THE KING (THE RAPPER), | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint, (Doc. No. 1), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP"). (Doc. No. 1-1).

## I.  PLAINTIFF'S COMPLAINT

Plaintiff states that he is incarcerated at Pasquotank Correctional Institution. In his Complaint, Plaintiff alleges as follows:

> Verizon Mobile phones took my Voice off of phone 4DA3 and gave it to the FBI. This is against the privacy act of 2007. Through a process called Temhyar, the FBI has been illegally using stolen pictures of me to put on T.V. and in magazines. They are using my voice [and] my pictures to computer generate rapper T.I. music. In fact, there is no such person as T.I. the rapper. My name is T.I. Through the Temhyar process, the FBI has a human replica called Ranner moving ahead of my body movements to [ ] my sillohette from plain view. This ranner is how they are getting illegal pictures of me. If I am lieing or exaggerating any of these facts, I would like to remind the courts that lieing under oath is a criminal offense.

(Doc. No. 1 at 5).

In his claim for relief, Plaintiff requests:

the courts to contact a company called Brela Anasar and confirm that there are Voice Analysers in heavy rotation with my voice on it. Then, I want the FBI to be charged with identity theft.

(Id.).

## II.  STANDARD OF REVIEW

After examining an IFP complaint, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; [or] (ii) fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). In general, pro se complaints are construed liberally and held to a less exacting standard than pleadings filed by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqdal, 556 U.S. 662, 677-78 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2997)). The pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure provides for "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require exhaustive detail, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). The Court finds that Plaintiff's Complaint, although not facially malicious, is frivolous and fails to state a claim upon which relief can be granted under § 1915(e)(2)(B)(i) and (ii).

## III.  DISCUSSION

Although mindful that a pro se Complaint is held to a less exacting standard, Plaintiff has simply not alleged sufficient facts to allow the Complaint to proceed. In his Complaint, Plaintiff contends that his rights to privacy were violated by one or more of the defendants. As is noted from the caption, Plaintiff names as Defendants Verizon Mobile Phones, Brela Anosar,

2

and T.I. the Rapper. However, Plaintiff does not provide any detail or explanation as to how he could maintain a § 1983 claim against any of these defendants or whether they were acting under color of state law.

"Federal jurisdiction may not be premised on the mere citation of federal statutes." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). A case filed under § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Although allegations in a pro se complaint must be construed liberally, Haines, 404 U.S. at 520, this liberal construction requirement does not permit a district court to ignore a complaint's failure to allege facts which set forth a claim that is cognizable under federal law. Weller, 901 F.2d at 391.

IV. **CONCLUSION**

The Court finds that Plaintiff's IFP Application, (Doc. No. 1-1), is sufficient and shall be granted. However, as Plaintiff has offered no facts or allegations that any of the defendants were acting under color of state law, his Complaint filed under Section 1983 must be dismissed.[1] Moreover, his allegations are purely "fantastic" and support no plausible claim for relief.

---

[1] The Court notes that Plaintiff admits he is aware that his previous action filed in this District was dismissed for being frivolous and for failure to state a claim, (Doc. No. 1 at 3). See Lawerence Lee Ash v. Sgt. FNU Henderson, et al., 3:10-cv-274-GCM. Judge Mullen found that Plaintiff's claims were "obviously 'fantastic' and clearly 'delusional'" and the Court entered an order dismissing the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. No. 6 at 2-3).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed *in forma pauperis*, (Doc. No. 1-1), is **GRANTED**;

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for being frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for failure state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii). The Court notes that this is Plaintiff's second "strike" pursuant to the Prison Litigation Reform Act's "three strikes" provision, 28 U.S.C. § 1915(g).

Signed: May 18, 2012

Robert J. Conrad, Jr.
Chief United States District Judge